UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE CRUZ, *et al.*,

    Plaintiffs,

v.

CITY OF NORTH LAS VEGAS, *et al.*,

    Defendants.

Case No. 2:09-CV-002216-KJD-PAL

**ORDER**

    Presently before the Court is Defendants' Motion to Dismiss (#8). Plaintiffs filed a response in opposition (#11) to which Defendants replied (#12).

I. Background

    On February 4, 2008, the North Las Vegas Police Department Special Weapons and Tactics Unit ("SWAT") executed a search warrant procured by Detective Paul Freeman. The warrant was executed at 6:30 a.m. The SWAT team entered the house violently, believing it contained three armed, adult males wanted in alleged armed robberies. SWAT used an explosive device to destroy the front door and entered the house in a military style assault. Instead of encountering the wanted armed robbers, SWAT encountered the Cruz family, Jose, his wife Ana, and their three young children ages 8, 5, and 3. Jose was tackled to the floor, had his arms and hands restrained and was

dragged out of the house in front of his wife and children. The rest of the family was soon taken outside with Jose, though not as violently.

SWAT then conducted an extensive search of the residence but failed to find the firearms and stolen property described in the search warrant. The North Las Vegas Police simply had bad information. Plaintiffs allege that the warrant and affidavit, executed by Detective Paul Freeman, failed to describe why Plaintiffs' home was targeted for the search. Plaintiffs also allege that Freeman was reckless by not using other investigative techniques to determine who actually resided at the residence. Plaintiffs allege that Defendants violated their Fourth, Fifth and Fourteenth Amendment rights, and bring state law claims for negligent supervision and training as well as intentional and negligent infliction of emotional distress. Plaintiffs filed the present action on November 19, 2009.

II.  Standard for a Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two prong analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to

relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

III. Analysis

Defendants move to dismiss the Fourth, Fifth and Fourteenth Amendment claims against Freeman based on qualified immunity. The defense of qualified immunity is available if the official's conduct is objectively reasonable "as measured by reference to clearly established law." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A defendant is entitled to summary judgment based on the defense of qualified immunity only if, viewing the facts in the light most favorable to Plaintiff, the facts as alleged do not support a claim that the defendant violated clearly established law. Mitchell v. Forsyth, 472 U.S. 511, 528 (1985). This is a purely legal question. Id.; see also, Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir. 1989). Qualified immunity provides "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question." Mitchell, 472 U.S. at 526.

Resolving the issue of qualified immunity involves a two-step inquiry. Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) First, the Court must determine whether "[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001). A negative answer ends the analysis, with qualified immunity protecting Defendants from liability. Id. "If a constitutional violation occurred, a Court must further inquire whether the right was clearly established." Clement, 298 F.3d at 903 (quoting Saucier, 533 U.S. at 201) (internal quotations removed). If the law did not put the officials on notice that their conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate. Saucier, 533 U.S. at 202.

Plaintiffs allege that Defendant Freeman violated their Fourth, Fifth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, and free from deprivations of liberty and property without due process of law. All of these claims are asserted pursuant to 42 U.S.C. § 1983. "A public official is liable under § 1983 only if he *causes* the plaintiff to be subjected

3

to a deprivation of his constitutional rights." Galen v. County of Los Angeles, 477 F.3d 652, 659 (9th Cir. 2007)(citing Baker v. McCollan, 443 U.S. 137, 142 (1979)). Plaintiffs must establish that a constitutional violation occurred and that Freeman "actually and proximately caused" the constitutional violation. Galen, 477 F.3d at 659.

Assuming that Plaintiffs' constitutional rights were violated, Plaintiffs cannot demonstrate that Freeman was the actual and proximate cause of the violations as they are required to do by Baker, 443 U.S. at 142, and Galen, 477 F.3d at 663. "Pursuant to traditional tort law principles of causation, which [the Court] applies to § 1983 claims, see Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996), a judicial officer's exercise of independent judgment in the course of his official duties is a superseding cause that breaks the chain of causation linking law enforcement personnel to the officer's decision." Galen, 477 F.3d at 663.

Freeman can only be liable for the unreasonable search and seizure of Plaintiffs and the deprivation of their property and liberty if he prevented the judge who issued the search warrant from exercising her independent judgment. Galen, 477 F.3d at 663. In an action against an officer alleging that the officer deliberately submitted inaccurate information in a search warrant affidavit in order to search the defendant's home and office, the standard for qualified immunity is governed by Franks v. Delaware, 438 U.S. 154 (1978). See Hervey v. Estes, 65 F.3d 784, 788 (9th Cir. 1995). In a civil rights case, "if an officer 'submitted an affidavit that contained statements that he knew to be false or would have known were false had he not recklessly disregarded the truth and no accurate information sufficient to constitute probable cause attended the false statements, . . . he cannot be said to have acted in an objectively reasonable manner,' and the shield of qualified immunity is lost." Id., quoting Branch v. Tunnell, 937 F.2d 1382, 1387 (9th Cir. 1991)(overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002)(courts cannot require a heightened pleading standard regarding improper motive in constitutional tort cases)). "Plaintiffs must show that Freeman "deliberately or recklessly misled [Judge Tyrell]." Galen, 477 F.3d at 663.

1  Here, Plaintiffs allege in their complaint that Freeman's affidavit in support of his application
2  for a search warrant does not describe why Plaintiffs' home was targeted for a search. However,
3  under <u>Mills v. Graves</u>, 930 F.2d 729, 731-32 (9th Cir. 1991) and <u>Smith v. United States</u>, 321 F.2d
4  427, 430 (9th Cir. 1963), Freeman cannot be held liable for failing to articulate the factual basis
5  establishing his assertion that probable cause exists to target a home for search. <u>See</u> <u>Mills</u>, (holding
6  that an officer could not be held liable for failing to "articulate the foundation for finding probable
7  cause" when the search warrants contained "boiler plate language that there was 'probable cause to
8  believe that controlled substances are being, used, manufactured, or kept' on the searched property"
9  even though the "affidavit supporting the warrants contained no allegation remotely suggesting that
10 narcotics would be found upon the searched premises"); <u>Smith</u>, (holding that an affidavit for a search
11 warrant met federal standards when the affidavit referred to documentary nature of facts about which
12 affiant was informed and gave precise address to be searched and specified items to be seized, even
13 though the affidavit failed to state the underlying facts supporting the affiant's belief that contraband
14 would be found on the premises).
15  Alternatively, Plaintiffs are arguing facts not asserted in the complaint that Freeman
16 recklessly failed to do additional investigation that would have revealed that the armed robbery
17 suspects did not live at the Plaintiff's home. In response to Plaintiffs' opposition to Defendants'
18 motion to dismiss, Defendants have attached, the warrant, the affidavit and Freeman's investigative
19 police report written after the search warrant was executed. Defendants argue that Freeman's
20 affidavit references each of the documents or records that he relied on to determine where the armed
21 robbery suspects resided. Defendants then use Freeman's post-execution police report to verify the
22 accuracy of the address on the warrant.
23  However, the Court cannot consider materials outside the pleadings in resolving the motion
24 to dismiss. Even if it could, Freeman's police report would not be admissible to demonstrate
25 whether the cell phone records, DMV records and firearm registration records show Cornel
26 Johnson's address as 7083 Pinebrook Ct., Las Vegas, NV 89147. The evidence must be admissible

5

under the Federal Rules of Evidence. Accordingly, the Court must deny Defendants' motion to dismiss since a factual issue underlies Defendant Freeman's claim for qualified immunity.

Since the crux of Plaintiffs' complaint relies on Freeman's basis for asserting that probable cause existed to search 7083 Pinebrook Ct., the Court will allow limited discovery to determine if the records Freeman relied on in his affidavit did, in fact, list 7083 Pinebrook as suspect Cornel Johnson's address. If they did, the Court will allow Defendants to move for summary judgment on the basis of qualified immunity. If Freeman is entitled to qualified immunity, the Court will decline supplemental jurisdiction over the state law claims. Furthermore, if the documents do not support Freeman's contention, the Court will then revisit the sufficiency of the application for the search warrant under Galen.

IV.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#8) is **DENIED**;

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to the magistrate judge to establish a scheduling and discovery order related solely to the issue of the records underlying Defendant Freeman's affidavit in support of the search warrant.

DATED this 30TH day of September 2010.

_____
Kent J. Dawson
United States District Judge