# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CRUZ, *et al.*, | |
|     Plaintiffs, | Case No. 2:09-CV-2216-KJD-PAL |
| v. | **ORDER** |
| CITY OF NORTH LAS VEGAS, *et al.*, | |
|     Defendants. | |

    Presently before the Court is Defendants' *Ex-Parte* Motion to Stay Discovery and to Extend Time to Answer (#17). Local Rule 7-5 requires all *ex parte* motions to contain a statement showing good cause why the matter was submitted to the court without notice to all parties and to state the efforts made to obtain a stipulation. No such statements were made in Defendants' motion.

    Also before the Court is Defendants' Motion for Relief from Order (#16). The Electronic Filing Procedures as revised August 24, 2006 found in Special Order #109 adopted September 27, 2005 require a certificate of service to "accompany all Electronic Documents, indicating how service was accomplished." See Electronic Filing Procedures, p. 5. Defendants failed to attach a certificate of service to the Motion (#16). Given Defendants' failure to attach a certificate of service and failure to show good cause to file the motion to stay *ex parte*, the Court stays the time for Plaintiffs' to

oppose the Motion for Relief (#16), until Defendants file a certificate of service showing that the motion was served upon Plaintiffs by personal delivery or by mail.

To the extent that Defendants' Motion for Relief seeks to avoid discovery on the issues ordered by the Court on September 30, 2010 (#13), the motion is denied.  The Court has reconsidered its statement in its Order (#13) that Plaintiffs were arguing facts not asserted in their complaint.  Though perhaps not articulated as clearly as possible, Defendants are put on notice in paragraphs twenty (20) through (28) of the Complaint (#1) that Plaintiffs are asserting Defendant Paul Freeman's affidavit lacked legal justification for the February 4, 2008 raid.

Defendants, not Plaintiffs, raised the factual issue surrounding the sufficiency of the documents Freeman reviewed in his investigation on page 8 of their Reply in Support of the Motion to Dismiss, or in the Alternative for Summary Judgment (#12) by asserting that the phone records, DMV records, police records and firearm registration records all listed 7083 Pinebrook Court as Cornel Johnson's residence.  However, the exhibits cited by Defendants for that proposition only contained Freeman's hearsay statements about what they contained.  Therefore, rather than require unnecessary and extensive discovery regarding all issues in the case, the Court narrowed the focus of discovery to the adequacy of the records cited by Freeman in his affidavit and report.  If the records state what Defendants asserted in their Reply, they merely need to produce them and move for summary judgment on the issue of qualified immunity in accordance with the Court's order.  The Court will entertain Defendants' Motion for Relief in all other aspects.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion (#17) is **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Defendants serve any future motion to stay discovery and extend the time to answer on Plaintiffs by filing the document electronically and by either personal delivery or by mail;

**IT IS FURTHER ORDERED** that Defendants serve the Motion for Relief (#16) upon Plaintiffs by personal delivery or mail within five (5) days of the entry of this order and file a corresponding certificate of service with the Court;

**IT IS FURTHER ORDERED** that the Motion for Relief (#16) is **DENIED in part**.

DATED this 20th day of October 2010.

_____
Kent J. Dawson
United States District Judge