# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE CRUZ, *et al.*,

    Plaintiffs,

v.

CITY OF NORTH LAS VEGAS, *et al.*,

    Defendants.

Case No. 2:09-CV-02216-KJD-PAL

**ORDER**

    Presently before the Court is Defendants' Motion to Reconsider (#20). Plaintiffs filed a response in opposition (#22) to which Defendants replied (#23). Also before the Court is Plaintiffs' Countermotion to Amend (#24). Defendants filed a response in opposition (#25/26).

I.  Background

    On February 4, 2008, the North Las Vegas Police Department Special Weapons and Tactics Unit ("SWAT") executed a search warrant procured by Detective Paul Freeman. The warrant was executed at 6:30 a.m. The SWAT team entered the house violently, believing it contained three armed, adult males wanted in alleged armed robberies. SWAT used an explosive device to destroy the front door and entered the house in a military style assault. Instead of encountering the wanted armed robbers, SWAT encountered the Cruz family: Jose, his wife Ana, and their three young children, ages 8, 5, and 3. Jose was tackled to the floor, had his arms and hands restrained and was

1  dragged out of the house in front of his wife and children.  The rest of the family was soon taken
2  outside with Jose, though not as violently.

3  SWAT then conducted an extensive search of the residence, but failed to find the firearms
4  and stolen property described in the search warrant.  SWAT simply had bad information.  Plaintiffs'
5  complaint and proposed amended complaint alleges that the warrant and affidavit, executed by
6  Detective Paul Freeman ("Freeman"), failed to describe why Plaintiffs' home was targeted for the
7  search.  Plaintiffs also allege that Defendants violated their Fourth, Fifth and Fourteenth Amendment
8  rights.  Finally, Plaintiffs bring state law claims for negligent supervision and training as well as
9  intentional and negligent infliction of emotional distress.  The present action was filed on November
10 19, 2009.  On September 30, 2010, the Court denied Defendants' motion for summary judgment
11 finding that an issue of fact prevented the Court from granting qualified immunity to Freeman and
12 delaying resolution of the motion to dismiss the state law claims.

13 Defendants then filed the present motion for reconsideration.  Plaintiffs filed a countermotion
14 to amend the complaint.  However, the three proposed additional paragraphs, #23-25 in the proposed
15 amended complaint, do not meet the standard required for asserting a constitutional claim against an
16 officer who provided information in order to obtain a search warrant that was signed by a judicial
17 officer.  See Galen v. County of Los Angeles, 477 F.3d 652, 659 (9th Cir. 2007) (a judicial officer's
18 exercise of independent judgment in the course of his official duties that breaks the chain of
19 causation linking law enforcement personnel to the officer's decision).  In order to maintain an action
20 against an officer who submitted inaccurate information in a search warrant affidavit, the plaintiff
21 must allege that the officer submitted an affidavit that contained statements that the officer knew to
22 be false or would have known were false had he not recklessly disregarded the truth.  See Hervey v.
23 Estes, 65 F.3d 784, 788 (9th Cir. 1995).  The Court notified Plaintiffs of this standard in its prior
24 Order (#13) denying the motion to dismiss, yet Plaintiffs moved to file the inadequate motion to
25 amend.  This was Plaintiffs' only response to Defendants' motion to reconsider.
26

2

II.  Analysis

Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it.  See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").  Here, in the absence of allegations that Freeman knew that his statements in the affidavit were false, the Court must grant him qualified immunity, because Plaintiffs cannot demonstrate that Freeman was the actual and proximate cause of any constitutional violation as they are required to do.  See Baker v. McCollan, 443 U.S. 137, 142 (1979); Galen, 477 F.3d at 663.  The mere allegation that Freeman failed to articulate the factual basis for targeting Plaintiffs' home for a search, or the use of boiler plate language does not state a claim for a constitutional violation of Plaintiffs' rights.  See Mills v. Graves, 930 F.2d 729, 731-32 (9th Cir. 1991); Smith v. United States, 321 F.2d 427, 430 (9th Cir. 1963).[1]

Accordingly, Plaintiffs' § 1983 claims must be dismissed, because Plaintiffs have failed to sufficiently allege a constitutional violation.  Therefore, Freeman is entitled to qualified immunity.  Any Monell claims against the City of North Las Vegas or the North Las Vegas Police Department must be dismissed, because the alleged violations have not led to constitutional violations.  Furthermore, the North Las Vegas Police Department is dismissed as a Defendant because it is not a separate legal entity capable of being sued under § 1983 as a person or entity subject to suit.  See Hervey v. Estes, 65 F.3d at 791-92.

Finally, Plaintiffs also raise state law claims.  A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all claims over which it has original jurisdiction have been dismissed or if the claim raises a novel or complex issue of state law.  See 28 U.S.C. §

---

[1] Since the proposed amendment of the claims would be futile, the Court denies Plaintiffs' countermotion to amend.

3

1367(c). Since the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Reconsider (#20) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiffs' federal law claims are **DISMISSED**;

IT IS FURTHER ORDERED that Plaintiffs' Countermotion to Amend (#24) is **DENIED as futile**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiffs on Plaintiffs' federal claims only;

IT IS FURTHER ORDERED that Plaintiffs' state law claims are dismissed without prejudice.

DATED this __29__ day of September 2011.

_____
Kent J. Dawson
United States District Judge